Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 704 | **DATE** | 1/24/2002 |
| **CASE TITLE** | United States of America vs. Bernard Echt | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Echt's motion to dismiss the indictment is denied. Change of plea hearing set for February 4, 2002 at 9:30a.m. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 25 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 JAN 24 AM 7:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 CR 704 |
| -vs.- ) | |
| ) | |
| BERNARD ECHT, ) | Senior Judge George W. Lindberg |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Bernard J. Echt, Jr. moves to dismiss his indictment charging him with one count of violating Title 18, United States Code, Section U.S.C. § 2422(b). For the reasons that follow, the Court denies the defendant's motion to dismiss.

In analyzing a motion challenging the sufficiency of an indictment, a court reviews whether the indictment 1) states the elements of the offense charged, 2) fairly informs the defendant of the charge against which he must defend, and 3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. United States v. Yoon, 128 F. 3d 515, 521-22 (7th Cir. 1997). See also Hamling v. United States, 418 U.S. 87, 117 (1974). The defendant challenges the alleged failure of the indictment to set forth what defendant claims is an element of the crime, that is, that the target of the persuasion, inducement and enticement must actually be a minor.

The indictment charges an attempted violation of 18 U.S.C. § 2422(b) and follows the applicable statutory language. The indictment reads that defendant between the dates of June 12, 2001 and August 10, 2001:

> using a facility and means of interstate commerce, including interstate wire communications and America On Line services, did knowingly attempt to persuade, induce, and entice "Tina Hugh," whom defendant believed to be a female minor who had not attained the age of 18, and who in fact was an undercover law enforcement agent, to engage in sexual activity for which a person may be charged with a criminal offense; In violation of Title 18, United States Code, Section 2422(b).

Mr. Echt's argument is that the word "knowingly" in the statute applies not only to the persuasion element but to the age of the victim, such that to be convicted under the statute, a defendant must have *known* the alleged victim was a minor. The defendant argues that since the victim was not actually a minor, but an adult male postal inspector, the defendant could not have known the victim was a minor, and therefore the requirements of § 2422(b) are not met. The Court finds this argument unpersuasive and inconsistent with case law in the Seventh Circuit and this district, as well as other Circuits.

The Court finds that 18 U.S.C. § 2422(b) makes unlawful attempts to induce those believed to be minors–even if they turn out to be of-age–into sexual activities. Courts have rejected arguments similar to those of the defendant's in the case at hand. In United States v. Miller, 102 F. Supp. 2d 946, 948, (N.D. Ill. 2000), the district court rejected defendant's argument that the statute "does not reach the defendant's beliefs regarding the age of the alleged victim but requires that one induce a minor." The court found that "defendant's belief that an element is met is sufficient to meet the element if attempt is charged." Id. at 948. Similarly, in U.S v. Powell, 1 F. Supp. 2d 1419 (N.D. Ala. 1998) aff'd, 1777 F. 3d 982 (11th Cir. 1999) the district court rejected this same challenge regarding the statute and the Eleventh Circuit affirmed. The court held that the mere fact that the alleged victims were in fact not persons under the age of eighteen but were instead government agents posing as underage females did

01 CR 704

not warrant dismissal of the indictment. Id. at 1421-22. Similarly, in United States v. Farner, 251 F. 3d 510 (5th Cir. 2001) the defendant corresponded over America Online with someone whom he thought was a 14-year-old girl but in actuality was an of-age FBI Special Agent. The court rejected defendant's argument of legal impossibility and found that "if [defendant's] scheme [were] fully carried out as he 'desired' or 'planned,'" the defendant would have committed the offense in question. Farner, 251 F. 3d 510 at 514.

Powell, Miller and Farner are consistent with Seventh Circuit precedent in other criminal attempt cases. For example, in United States v. Garcia, 89 F.3d 362, 366 (7th Cir. 1996), the court addressed the issue of whether a government agent needed actual possession of real cocaine in order to convict the defendant of criminal attempt to possess cocaine. Id. at 366. The Seventh Circuit held that the issue was whether the defendant *believed* that he was buying cocaine, not whether he actually was buying cocaine. Id. "To the contrary, the government regularly secures convictions for attempted possession without actually having proffered to the defendant real cocaine." Id.

Accordingly, this Court holds that a defendant can violate § 2422(b) by an attempt to engage in the prohibited conduct with one who he believes is a minor but is actually an adult undercover officer. The indictment, therefore, sufficiently sets forth the elements of the offense charged.

Moreover, the indictment states a cognizable federal crime, clearly recites the elements of § 2422(b), sufficiently places Mr. Echt on notice of the charges against him in order to

3

01 CR 704

prepare his defense, and enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense.

ORDERED: Defendant Echt's motion to dismiss the indictment is denied.

ENTER:

*[signature]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: JAN 2 4 2001